■ COLUMBIA RIBBON & CARBON MANUFACTURING Co. INC., Appellant, v A-1-A CORPORATION et al., Respondents.—Order, Supreme Court, New York County, entered on June 24, 1976, granting defendants' motion for summary judgment and denying plaintiff's cross motion for summary judgment or alternative relief, affirmed. Respondents shall recover of appellant one bill of $60 costs and disbursements of this appeal. Plaintiff's claim of confidentiality and irreparable injury were not factually supported by its presentation at Special Term, leading that court to observe that defendants' "showing of lack of irreparable injury, absence of confidential material, and widespread availability of identification of potential customers has not been contradicted by any showing whatsoever by the plaintiff". The dissent would overlook this deficiency in plaintiff's presentation simply because plaintiff has served a verified complaint herein, which was before Special Term. We cannot agree. In opposition to defendants' motion for summary judgment it was incumbent upon plaintiff "to assemble, lay bare and reveal his [its] proofs * * * An opposing affidavit by an attorney without personal knowledge of the facts has no probative value and should be disregarded [citing cases]". *(Di Sabato v Soffes,* 9 AD2d 297, 301.) In examining the affidavits submitted by plaintiff at Special Term "we remind ourselves that there is a positive requirement that it [they] must show evidentiary facts [citing case]". *(Shapiro v Health Ins. Plan of Greater N. Y.,* 7 NY2d 56, 63.) An attorney's affidavit, as submitted by the plaintiff, is clearly insufficient to satisfy its burden and the "mere allegations of the complaint do not constitute proof sufficient to defeat a motion for summary judgment [citing case]". *(Pribyl v Van Loan & Co.,* 261 App Div 503, 504, affd 287 NY 749.) The Court of Appeals stated in *Indig v Finkelstein* (23 NY2d 728, 729), as follows: "Defendants' motion for summary judgment is supported by affidavits, containing evidentiary fact * * * It was then mandatory upon plaintiffs

to submit evidentiary facts or materials, by affidavit or otherwise * * * *The burden upon a party opposing a motion for summary judgment is not met merely by a repetition or incorporation by reference of the allegations contained in pleadings or bills of particulars, verified or unverified* [citing authorities]." (Emphasis supplied.) Neither the verified complaint, nor anything else in this record, factually shows that plaintiff has suffered irreparable injury or factually rebuts defendants' demonstration of lack of confidentiality. Concur—Stevens, P. J., Markewich, Capozzoli and Lane, JJ.; Kupferman, J., dissents in part in the following memorandum: I would modify to deny the defendants' motion for summary judgment, and otherwise affirm. The plaintiff conceded at the oral argument that the restrictive covenants ancillary to the employment agreement were too broad as to area and limited the claim for noncompetition to customers of the plaintiff previously actually serviced by the defendant former employee. Therefore, with this excision, the restrictive covenant becomes reasonable by virtue of the severance. *(Karpinski v Ingrasci,* 28 NY2d 45.) If one ignores the verified complaint, then the grant of summary judgment was proper, because the defendant former employee has explained to some extent his seeming possible violation of the restrictive covenant. However, the verified complaint and exhibits attached thereto (sworn to by the president of the corporate plaintiff) cannot simply be ignored, even in the absence of an affidavit by the plaintiff on the summary judgment motion itself. The verified complaint serves the function of an affidavit (CPLR 105, subd [s]), and the affidavit of the attorney for the plaintiff complements it, thus raising issues of fact sufficient to deny summary judgment to the defendant. *Indig v Finkelstein* (23 NY2d 728) makes it clear that pleadings, even though verified, will not in themselves suffice. However, a verified detailed complaint is not to be ignored.