■ JOSEPH A. GLUCK, Respondent, v PINKERTON NEW YORK RACING SECURITY SERVICE, INC., Appellant, and NEW YORK RACING ASSOCIATION, INC., Respondent. — In an action, *inter alia,* to recover damages for personal injuries, defendant Pinkerton New York Racing Security Service appeals from an order of the Supreme Court, Kings County (Monteleone, J.), dated August 16, 1982, which denied its motion for summary judgment dismissing plaintiff's complaint as against it, and dismissing defendant New York Racing Association's cross claim. Order reversed, on the law, with one bill of costs, motion granted, and complaint as against defendant Pinkerton New York Racing Security Service and cross claim of defendant New York Racing Association, dismissed. The plaintiff was injured when he fell on a patch of ice in the parking field of Aqueduct racetrack. The examination before trial of all the parties reveals that it was defendant New York Racing Association which had the responsibility of snow removal. Defendant Pinkerton New York Racing Security Service (Pinkerton) had the duty to collect the toll for public use of the parking field and to keep the area secure. While Pinkerton admitted that its employees would report anything they saw to the New York Racing Association, this did not create a duty to examine or inspect the area. Accordingly, there is no triable issue of fact as to Pinkerton's control or, more accurately, lack thereof (cf. *Rochette v Town of Newburgh,* 88 AD2d 614). Moreover, we note that the affirmation in opposition submitted by the New York Racing Association consisted of mere allegations contained in the pleadings previously served. Such proof is insufficient to defeat a motion for summary judgment (see

*Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.*, 54 AD2d 847, affd 42 NY2d 496; *Pribyl v Van Loan & Co.*, 261 App Div 503, 504, affd 287 NY 749). Damiani, J. P., Titone, Lazer and Mangano, JJ., concur.