■ MILTON HOLLANDER, Appellant, v LONG ISLAND PLASTIC SURGICAL GROUP, P. C., et al., Respondents. — In a libel action, plaintiff appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated July 14, 1983, which granted defendants' motion for summary judgment and denied plaintiff's cross motion for summary judgment.

Order modified by deleting therefrom the provision granting the defendants' motion for summary judgment and substituting therefor a provision denying said motion. As so modified, order affirmed, without costs or disbursements.

Plaintiff, a plastic surgeon, alleges that defendant Rubin, also a plastic surgeon, uttered the following statement contained in a medical report prepared at the request of an insurance company: "I wish to make a comment at the present time about the consultant used by the patient's attorney. The consultant is Dr. Hollander, who in his report, mentioned scars which are not

present. I also wish to add that Dr. Hollander is a self-appointed member of a non-existent Board called the American Board of Cosmetic Surgery. There is [sic] no such Boards put out by American Boards. The impression is that he is Board certified whereas indeed he is not. I also wish to add that the F.I.A.C.S. which is supposed to be a Fellow of International Academy of Cosmetic Surgeons [sic] that he puts following his name is a non-existent organization which does not qualify him for being a bona fide specialist."

It is further alleged that the American Board of Cosmetic Surgery does, in fact, exist, as does the International Academy of Cosmetic Surgery, both of which plaintiff is a member, and that defendant Rubin's statement is false and defamatory. In his affidavit in support of his motion for summary judgment, defendant Rubin stated, *inter alia,* that "I did not mean that these boards in fact did not exist * * * but rather what I meant * * * was that they were non-existent in the eyes of the American Medical Association via the American Board of Medical Specialties."

It is conceded that the qualified privilege based on the common-interest doctrine applies in this case, such that the sole inquiry is whether plaintiff demonstrated actual malice sufficiently so as to resist summary judgment based on that privilege (see *Kilcoin v Wolansky,* 75 AD2d 1, affd 52 NY2d 995). To establish actual malice, plaintiff submitted only an attorney's affirmation of no probative value (*Columbia Ribbon & Carbon Mfg. Co. v A/1/A Corp.,* 54 AD2d 847). Plaintiff argues, however, that the above-quoted statement of defendant Rubin is in and of itself proof that Rubin knew the falsity of his statement at the time it was made. Plaintiff argues, in other words, that Rubin's admission that he did not say what he meant implies that he knew the truth of the matter but recklessly uttered a contrary statement nevertheless. Realizing that the issue of actual malice involves a determination of the state of mind of the defendant, and therefore, is not particularly susceptible to summary resolution (see *Meadows v Taft Broadcasting Co.,* 98 AD2d 959) and that, in libel actions, as in all actions, summary judgment is foreclosed if any triable issue of fact exists (*Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369), we believe that actual malice, i.e., a reckless disregard for the truth or falsity of the statement made, might reasonably be inferred from Rubin's current admission that he did not mean precisely what he said. Brown, J. P., Rubin, Boyers and Lawrence, JJ., concur.