■ FANTACO ENTERPRISES, INC., Appellant, v JOHN IAVARONE et al., Respondents.—Mikoll, J. Appeal from an order of the Supreme Court (Cheeseman, J.), entered June 20, 1989 in Albany County, which, inter alia, granted defendants' cross motion to dismiss the complaint.

The primary issue raised on this appeal is whether Supreme Court properly determined that the complaint, which alleged five separate causes of action for unfair competition and libel (more appropriately, tortious interference with business relations), failed to allege sufficient facts to sustain each cause of action. In our view, Supreme Court's ruling was correct and its order should be affirmed.

Plaintiff and defendant Comix 4-U, Inc. are competing business corporations engaged in the sale of comic books to the general public. Defendant John Iavarone is an employee of Comix. It appears that in November 1987, plaintiff staged a collectors' exhibition relating to comic books and their sale at

a hotel located in the City of Schenectady, Schenectady County. Defendants were not permitted to take part in this exhibition. Defendants then conducted their own comic book sales show at the Comix store, also located in the City of Schenectady. When promoting their event, defendants ran an advertisement on a local radio station "WVKZ 96.7 FM" as follows: "There was no room at the inn for our comix books * * * so, Comix 4-U has a special offer for all comix book fans". The advertisement also announced the time and place of the show along with a brief sales pitch.

Plaintiff subsequently commenced this lawsuit alleging five separate causes of action in an amended complaint. The first cause of action asserted that defendants engaged in false and misleading advertising to divert customers away from plaintiff's show. The second, third and fourth causes of action claimed that defendants made false and libelous allegations about plaintiff in writing to the Department of Taxation and Finance, the Department of Labor, the Attorney-General's office and the Department of Health. The fifth cause of action claimed that the acts alleged were performed for the purpose of harming plaintiff's business and to cause the cancellation of a convention to be held by plaintiff on September 10 and 11, 1988. Plaintiff alleged that it was damaged in the sum of $750,000 for each cause of action. In opposition to a motion by plaintiff to reargue a prior motion to vacate or modify a bill of particulars, defendants cross-moved to dismiss the complaint on the merits. Supreme Court granted defendants' cross motion and this appeal by plaintiff ensued.

Initially, plaintiff argues in its brief that Supreme Court should not have treated defendants' motion as one for summary judgment because plaintiff had no notice that the court would do so (see, CPLR 3211 [c]). However, the record reveals that plaintiff's counsel, in an opposing affidavit sworn to May 3, 1989, described and treated defendants' motion as one for summary judgment. Thus, plaintiff cannot take a new and contradictory position on this appeal from that which it maintained before Supreme Court. Where, as here, a plaintiff has submitted only general averments and has failed to submit evidentiary facts in support of its claims of interference with prospective business advantage, summary judgment dismissing the claim is proper (see, Rosenberg v Del-Mar Div., 56 AD2d 576).

To succeed on a cause of action for tortious interference with prospective business relations or advantage, a plaintiff must show that a competing defendant used unlawful means

or that the defendant's sole motive was to injure the plaintiff *(see, Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183, 191, 196; *Terry v Dairymen's League Co-Op. Assn.,* 2 AD2d 494, 500).

In the case at bar, plaintiff has not done that. Plaintiff's assertion that the radio advertisement was a tortious interference with plaintiff's exhibition is patently without merit. The sponsorship of such a radio announcement is a legitimate business activity. As to defendants' other acts of alleged interference, there is no proof that they were done solely out of malice and without any business motive on the part of defendants. It appears that defendants' alleged interference was that of a competitor intended at least in part to advance Comix's competing business interests, without the use of any wrongful means and, thus, not actionable *(see, Yan's Video v Hong Kong TV Video Programs,* 133 AD2d 575, 579). Further, plaintiff has not pleaded facts, much less offered any proof, that it has been damaged by any improper tortious interference with its business relations by defendants *(see, Guard-Life Corp. v Parker Hardware Mfg. Corp., supra,* at 189).

Supreme Court's finding that the causes of action in libel were not sustained is also correct. Defendants offered documentary evidence showing that the "fire violations" mentioned in the letter to the Department of Health were sustained and thus truthful, an absolute defense *(see, Commonwealth Motor Parts v Bank of Nova Scotia,* 44 AD2d 375, 378, *affd* 37 NY2d 824). As to defendants' other letters of complaint which plaintiff claims are libelous, they were qualifiedly privileged as requests to governmental agencies to do their duty and investigate alleged violations *(see, Hollander v Long Is. Plastic Surgical Group,* 104 AD2d 357, 358), and in the absence of a showing of actual malice or culpable recklessness, are not actionable *(see, Licitra v Faraldo,* 130 AD2d 555, 556; *see also, Commonwealth Motor Parts v Bank of Nova Scotia, supra,* at 379). The author of the letters to the agencies is protected by the absolute privilege created by the defense of truth and the qualified privilege based on the common-interest doctrine *(see, supra).* Plaintiff submitted only the affidavit of its attorney to refute defendants' privilege as proof on the libel issues. However, an attorney's affidavit lacks probative value and is insufficient to rebut the protection of privilege afforded defendants or to raise a triable issue of fact *(see, Hollander v Long Is. Plastic Surgical Group, supra,* at 358).

The issues raised by plaintiff pertaining to the demand for a

bill of particulars are academic in view of the disposition made herein.

Order affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.