■ PHILIP FURGANG, Appellant, v JMK BUILDING CORPORA-

TION et al., Respondents.—Crew III, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Bergerman, J.), entered February 6, 1991 in Rockland County, which, *inter alia,* granted defendants' cross motions for summary judgment dismissing the complaint.

Defendant JMK Building Corporation (hereinafter JMK) was the owner and developer of a condominium office project known as the "Pearl River Professional Office Condominium" project located in Rockland County. JMK retained defendant James V. Damiani Realty, Inc. (hereinafter Damiani) to solicit and arrange for the sale of the individual units in the office complex. Plaintiff inquired about purchasing space and was shown the complex by a Damiani salesperson named Miriam Beckerle. Plaintiff completed an "Application for Non-Binding Unit Reservation" (hereinafter reservation application) for unit Nos. 10 and 11 and made a deposit of $100. Plaintiff thereafter informed Damiani that he was no longer interested in both units and negotiated with counsel for JMK for a suitable purchasing agreement for unit No. 11. A proposed contract for the purchase was ultimately drafted but never signed.

Albert Cohen subsequently became interested in purchasing unit Nos. 10 and 11 and, apparently under the impression that a contract for the purchase of unit No. 11 had been signed by plaintiff, authorized Beckerle to offer plaintiff $10,000 for his interest in that unit. Beckerle made the offer and plaintiff initially refused. However, after Beckerle advised plaintiff that Cohen was prepared to pay $15,000 for plaintiff's interest in the unit, plaintiff agreed to sell his interest in unit No. 11; he then completed another reservation application for unit No. 2. The $15,000 allegedly promised to plaintiff was never paid and he commenced this breach of contract action against defendants. Defendants answered, counterclaimed and cross-claimed against one another. Thereafter, plaintiff moved for summary judgment and defendants cross-moved for summary judgment. Supreme Court granted defendants' cross motions for summary judgment dismissing the complaint and this appeal by plaintiff ensued.

Taking the evidence in a light most favorable to plaintiff, we agree that Supreme Court properly granted summary judgment to defendants. Plaintiff, in his deposition testimony, makes two distinct claims with regard to the alleged agreement. In his first version of the alleged oral contract between defendants and himself, he testified that Beckerle "offered to

pay me $15,000 if I would instead of buying condominium 11, would instead buy condominium 2". The record is clear that plaintiff did not buy unit No. 2. Inasmuch as plaintiff did not fulfill his part of the alleged bargain, defendants were entitled to summary judgment.

Plaintiff's second contention is that Beckerle, in December 1989, offered him $15,000 if he would agree to cease negotiations regarding unit No. 11, sign a reservation application for unit No. 2 and undertake negotiations for the sale of that unit. The reservation application signed by plaintiff on October 1, 1987 provided that in exchange for plaintiff's payment of $100, defendants would hold unit Nos. 10 and 11 for five days and that thereafter the reservation terminated. Accordingly, at the time of the alleged offer by Beckerle plaintiff had no right, title or interest of any kind in unit No. 11. Additionally, by signing a reservation application with regard to unit No. 2, plaintiff did not obligate himself to do anything.

While it is true that courts will not ordinarily inquire into the adequacy of the consideration of a contract (see, Mencher v Weiss, 306 NY 1), adequacy may be examined to determine whether the bargain is so grossly unreasonable or unconscionable in light of the mores and business practices of the day so as to be unenforceable according to its literal terms (see, Mandel v Liebman, 303 NY 88). Here, plaintiff's relinquishment of his hope or expectation of purchasing unit No. 11 and his agreement to execute a reservation application on unit No. 2, which obligated him to do absolutely nothing in exchange for $15,000, is indeed so grossly unreasonable as to be unenforceable.

While Supreme Court did not address plaintiff's motion to dismiss defendants' counterclaims, in the interest of judicial economy we will undertake consideration of that motion. The counterclaims alleged that plaintiff interfered with defendants' business relationships and maliciously prosecuted this action. In order to establish a cause of action for tortious interference with defendants' business relations, defendants must prove that plaintiff used unlawful means or that his sole motive was to injure defendants (see, Fantaco Enters. v Iavarone, 161 AD2d 875, 876-877). There is no proof in evidentiary form that plaintiff employed unlawful means or that his only motivation in pursuing this action was to injure defendants. Accordingly, the counterclaims alleging intentional interference with defendants' prospective business activity should be dismissed. A cause of action for malicious prosecution of a civil action requires proof of special damages involving injury

to or interference with personal or property rights, beyond damages normally attendant upon being sued *(see, Campion Funeral Home v State of New York,* 166 AD2d 32, 36, *lv denied* 78 NY2d 859). There is no record evidence establishing that defendants suffered such special damages and, accordingly, the counterclaims for malicious prosecution must also be dismissed.

Weiss, P. J., Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by dismissing defendants' counterclaims, and, as so modified, affirmed.