■ New York State Department of Taxation and Finance, Appellant, v Tyler Distribution Centers, Inc., et al., Defendants, and Pine Partnership, Respondent. (And Eight Other Related Actions.) [639 NYS2d 515] —Yesawich Jr., J.

Each of these forfeiture actions stems from the seizure, pursuant to Tax Law article 37, of a tractor-trailer and its cargo, a shipment of liquor en route to the Mohawk Akwesasne Reservation in St. Lawrence County. In each case, after the vehicle was stopped, it was ascertained, from the paperwork presented by the driver, that none of the parties associated with the shipment was registered as a liquor distributor authorized to import liquor into New York, as required by Tax Law § 421. Moreover, many of the shipments were unaccompanied by the required manifest form for liquors, Form MT-132 (*see*, Tax Law § 427). As a consequence, in each case, the vehicle and cargo were impounded, and plaintiff thereafter moved to confirm the temporary seizure (*see*, Tax Law § 1845 [c]) and commenced a forfeiture action (*see*, Tax Law § 1845 [d]).

In each action, one or more of the defendants moved for dismissal, arguing, *inter alia*, that the New York tax laws at issue are inapplicable to sales to Indian tribes and cannot be enforced by forfeiture of tribal property. Relying on the earlier Supreme Court decision and order in *New York State Dept. of Taxation & Fin. v St. Regis Group* (161 Misc 2d 383, *mod* 217 AD2d 214), the motion courts dismissed the actions, finding that Federal preemption left New York courts without subject matter jurisdiction over the issues raised, and either denied, or dismissed as moot, the corresponding confirmation motions. These appeals by plaintiff ensued.

Supreme Court is not without power to decide these cases. The general principles alluded to in *New York State Dept. of Taxation & Fin. v St. Regis Group* (217 AD2d 214, *supra*) (hereinafter *St. Regis*) are equally applicable to these actions and, with regard to the question of subject matter jurisdiction, we find no reason to reach a different result here. Defendants maintain that *St. Regis* was wrongly decided or that the factual circumstances these cases present are distinguishable. To the extent that these arguments bear on the issue of subject matter jurisdiction, they are unpersuasive. Accordingly, the forfeiture actions, and the motions to confirm the seizures, must be reinstated.

These cases do, however, involve different factual situations than that set forth in *St. Regis (supra)*, and defendants have

raised some additional issues and defenses, not raised there, that may warrant a different outcome on the merits. These matters should be passed upon by Supreme Court in the first instance; hence, remittal of these proceedings for that purpose is apposite.

Parenthetically, a few of defendants' assertions regarding the governing legal principles bear brief comment. The suggestion that the St. Regis reservation is not "within the state", and concomitantly that the transportation of liquor thereto is akin to shipment through, but not into, New York, is patently sophistic (*see, Surplus Trading Co. v Cook*, 281 US 647, 651; *Kake Vil. v Egan*, 369 US 60, 72; *cf.*, *Rice v Rehner*, 463 US 713). Also flawed is defendants' contention that compliance with Federal and tribal requirements renders New York law inapplicable in this context. While defendants point out that 18 USC § 1161 prohibits the sale of liquor to a tribe unless tribal ordinances are obeyed, they ignore the fact that the same statute also mandates compliance with State law. Moreover, as defendants apparently concede, 18 USC § 1161 does not apply to these off-reservation seizures (*see, New York State Dept. of Taxation & Fin. v St. Regis Group, supra*).

As for their claim that, in the absence of the explicit grant of jurisdiction emanating from the Federal statute, New York is powerless to interfere in the tribe's dealings with Indian traders, that proposition has been explicitly rejected by the U.S. Supreme Court, which held in *Department of Taxation & Fin. of N. Y. v Milhelm Attea & Bros.* (512 US 61, 73-74) that:

"States have a valid interest in ensuring compliance with lawful taxes that might easily be evaded through [on-reservation purchases by non-Indians] * * *

"Just as tribal sovereignty does not completely preclude States from enlisting tribal retailers to assist enforcement of valid state taxes, the Indian Trader Statutes do not bar the States from imposing reasonable regulatory burdens upon Indian traders for the same purpose."

It is evident that while regulations imposed on tribal dealings with Indian traders must be carefully scrutinized, not all State regulation of Indian wholesale purchases is preempted by the Indian Trader statutes, as defendants urge. Finally, it is our view that the existence of a tribal ordinance permitting the tribe to sell the liquor only to its members, their spouses *and certain business entities owned by the tribe, its members or their spouses* does not suffice, without more, to demonstrate that no retail sales will ultimately be made by those entities to non-Indians (and therefore—as defendants perceive it—that

the regulations are not reasonably necessary to prevent fraudulent transactions [see, *Washington v Confederated Tribes*, 447 US 134, 160]).

Mercure, J. P., Crew III and Peters, JJ., concur. Ordered that the orders in action Nos. 1, 2, 3 and 4 are modified, on the law, without costs, by reversing so much thereof as granted defendants' motions to dismiss the complaints and dismissed the motions to confirm the temporary seizures as moot; orders in action Nos. 5, 6, 7, 8 and 9 modified, on the law, without costs, by reversing so much thereof as granted defendants' motions to dismiss the complaints and denied plaintiff's motions to confirm the temporary seizures; in all actions (Nos. 1-9), defendants' motions to dismiss the complaints for lack of subject matter jurisdiction are denied and plaintiff's motions to confirm are remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.