■ NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, Appellant, v REX W. SEITZ et al., Respondents. (And Another Related Action.) [660 NYS2d 478] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Demarest, J.), entered November 8, 1996 in St. Lawrence County, which, *inter alia*, granted certain defendants' motions to dismiss the complaints in the interest of justice.

These forfeiture actions arise from the seizure by plaintiff of tractors, trailers and their cargo of liquor while enroute to the Mohawk Akwesasne Reservation in St. Lawrence County; the vehicles were owned by defendants. At the time of the seizures, Supreme Court had previously ruled in a similar case (*see, New York State Dept. of Taxation & Fin. v St. Regis Group*, 161 Misc 2d 383, *mod* 217 AD2d 214) that it did not have jurisdiction to entertain the actions because they were preempted by Federal law. That determination was reversed by this Court (*New York State Dept. of Taxation & Fin. v St. Regis Group*, 217 AD2d 214, *supra*), and when the cases herein were thereafter reinstated (*see, New York State Dept. of Taxation & Fin. v Tyler Dist. Ctrs.*, 225 AD2d 936) defendants moved again to dismiss these actions, this time contending, *inter alia*, that

their vehicles should be returned in the interest of justice (*see*, Tax Law § 1845 [d] [4]). These motions were granted and plaintiff appeals.

We affirm. Actions of this type may be dismissed, and the seized property returned, upon a showing of "some compelling factor, consideration or circumstance demonstrating that forfeiture * * * would not serve the ends of justice" (Tax Law § 1845 [d] [4] [D]). Plaintiff's contrary assertions notwithstanding, it cannot be said that Supreme Court wrongly concluded that these criteria were satisfied, particularly in view of defendants' good faith and lack of any intent to evade taxes.

When these seizures were effected, Supreme Court had essentially ruled that the State lacked authority to enforce its laws governing registration of liquor distributors with respect to shipments of liquor destined, as here, for Indian reservations (*see*, *New York State Dept. of Taxation & Fin. v St. Regis Group*, 161 Misc 2d 383, *supra*). Defendant Rex W. Seitz avers—and there is no contradictory evidence—that he agreed to transport the liquor believing the representation of the parties to the sale "that it was proper for them to assert on the liquor manifests that the distributor's registration requirement was not applicable", and his own belief that this assessment was justified given Supreme Court's decision in *New York State Dept. of Taxation & Fin. v St. Regis Group* (*supra*). Defendants' assertion that they did not act with unprincipled intent is buttressed by the fact that the manifest forms produced by the drivers were—with the exception of the missing distributor registration number—complete and accurately reflected the source and destination of the liquor, as well as the parties involved in the transaction.

Rather than flouting the registration and documentation requirements, defendants were operating upon a well-founded belief, based on the only judicial decision on the issue then extant, that they had complied with those requirements insofar as they were applicable and enforceable. Given these circumstances, Supreme Court, not injudiciously, found that continued retention of defendants' equipment pending resolution of this complex and politically charged controversy over the State's power to tax and regulate transactions occurring on Indian reservations—with which defendants are only tangentially involved—was unjust.

Cardona, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.