*685 OPINION OF THE COURT
John L. Bell, J.
The instant claim arises from the seizure by defendant of two tractor-trailer loads of liquor being transported from Baltimore, Maryland, to Hogansburg on the St. Regis Mohawk Reservation in late 1994. According to the affidavit of claimant Rex W. Seitz, both of the seized tractor-trailers were owned by claimant King Transportation Services, Inc. and were financed by him personally. Claimants allege the seizures were wrongful and seek compensation pursuant to Tax Law § 1845 (h). Defendant has made an application for an order granting summary judgment dismissing the claim. Claimants have made an application for an order granting partial summary judgment on the issue of liability.
The initial seizure occurred on November 3, 1994, when one of claimants’ tractor-trailers was stopped by a State Trooper on Route 37 in St. Lawrence County for a purported violation of the Vehicle and Traffic Law. The Trooper discerned that the vehicle was transporting liquor and thus requested that the driver, Glenn Matters, produce the manifest (see, Tax Law § 428). The shipment included 1,680 cases of liquor. Although the manifest reflected that the distributor was Prime Wine & Spirits of Las Vegas, Nevada, the distributor’s tax registration number was not contained in the manifest,[1] thus giving rise to a presumption that the liquor was being imported for sale or use by an unregistered distributor (Tax Law § 428). The Trooper therefore effected a temporary seizure of the vehicle and contents pursuant to Tax Law § 1845 (a).
The second seizure essentially mirrored the first seizure. On December 13, 1994, Glenn Matters was driving another of claimants’ tractor-trailers with 1,680 cases of liquor to be delivered in Hogansburg. He was stopped by a Trooper in St. Lawrence County for an alleged violation of the Vehicle and Traffic Law. The manifest that he produced reflected the same essential information and deficiencies as the prior manifest. The vehicle and contents were thus seized.
On November 10, 1994, Supreme Court Justice David Demarest signed an order to show cause regarding the application by the Department of Taxation and Finance for a confirmation pursuant to Tax Law § 1845 (c) of the temporary seizure of *686 November 3. A similar order was executed regarding the December 13 seizure on December 20 by Acting Supreme Court Justice Eugene Nicandri. In April 1995 Justice Demarest dismissed both the confirmation applications. The dismissals were based upon his prior decision in similar cases that the court lacked subject matter jurisdiction because the type of trade implicated, involving Native Americans, was preempted by Federal law and Federal courts had exclusive enforcement jurisdiction (New York State Dept. of Taxation & Fin. v St. Regis Group [Mohawk Akwesasne Reservation], 161 Misc 2d 383, mod 217 AD2d 214).[2] An appeal of Justice Demarest’s decision and several related cases involving the same issue were subsequently considered by the Appellate Division, Third Department. The Third Department, relying in part upon a recently decided case from the United States Supreme Court,[3] reversed the dismissal of the confirmation applications and remitted the matters to State Supreme Court (New York State Dept. of Taxation & Fin. v Tyler Distrib. Ctrs., 225 AD2d 936; see, New York State Dept. of Taxation & Fin. v St. Regis Group [Mohawk Akwesasne Reservation], 217 AD2d 214, supra). Upon remittal, Justice Demarest dismissed the matters in the interest of justice. The dismissals were affirmed upon appeal (New York State Dept. of Taxation & Fin. v Seitz, 241 AD2d 812).[4]
Claimants seek a recovery from defendant pursuant to Tax Law § 1845 (h), which provides the exclusive remedy for a wrongful seizure. In order to prevail on a wrongful seizure claim, claimant must establish that the seizure was made without reasonable cause and not in good faith (Tax Law § 1845 [h]). In the current motion before the court, the parties have set forth few factual discrepancies, but rely instead primarily upon legal arguments to support their respective positions. The matter is therefore ripe for summary disposition (see, Van Alstine v Padula, 228 AD2d 909, 910, appeal dismissed 89 NY2d 858).
*687 It is undisputed that claimants’ manifests on each occasion did not include the distributor’s tax registration number as required by statute and that such omission constituted a statutory basis for the seizure. Claimant Rex W. Seitz asserts in his affidavit that the reason that no registration number was set forth on the manifest was his “good faith belief’ that defendant lacked authority to enforce the germane provisions of the Tax Law. He explains that his belief in such regard was based upon Justice Demarest’s decision in New York State Dept. of Taxation & Fin. v St. Regis Group (Mohawk Akwesasne Reservation) (supra). Indeed, Justice Demarest’s decision that the court lacked subject matter jurisdiction over similar seizures had been rendered in May 1994, approximately six months before the first of the two germane seizures. The decision of the Appellate Division modifying Justice Demarest’s reported decision was not rendered until nearly a year after the subject seizures.
Claimants’ argument, garbed in an appeal to basic fairness, is seductive. Claimant Rex W. Seitz argues that he relied upon a court decision and, indeed, argues that defendant’s refusal to curtail its enforcement activities in light of such decision was unjustifiable. The allure of claimants’ argument does not, however, hold up under scrutiny.
Although decisions of trial courts may, if well reasoned, be persuasive, precedents are established by appellate courts (see generally, 28 NY Jur 2d, Courts and Judges, § 220). The Third Department has stated that “a litigant who has trusted to the erroneous judgment of an inferior tribunal is not entitled to be helped out by the courts” (Matter of Muller Dairies [Baldwin], 242 App Div 296, 298). Judge Cardozo explained as follows regarding reliance upon a trial court’s decision: “We will not help out the man who has trusted to the judgment of some inferior court. In his case, the chance of miscalculation is felt to be a fair risk of the game of life, not different in degree from the risk of any other misconception of right or duty. He knows that he has taken a chance, which caution often might have avoided. The judgment of a court of final appeal is felt to stand upon a different basis” (Cardozo, Nature of the Judicial Process, at 147-148). The Court of Appeals has noted that when one of its decisions was taken up for review to the United States Supreme Court, an individual who engaged in certain conduct in reliance on the Court of Appeals decision “took his chances that the decision * * * would be sustained” (Evans v Supreme Council, 223 NY 497, 503).
*688 Here, claimants chose to rely upon a decision of a trial level court at a time when an appeal was pending from such decision. Claimants took a calculated risk, ostensibly because they stood to gain financially if their position ultimately prevailed. Certainly, claimants could have erred on the side of caution and followed the statutory requirements until the jurisdictional issue was addressed by an appellate court. The equities implicated by their reliance on a trial court decision were not totally forgotten as reflected by the fact that such equities formed a foundation for the decision to dismiss the forfeiture proceedings in the interests of justice.[5] While the perceived equities provided a shield in the forfeiture action, they are insufficient to act as a sword against defendant in the current claim. The appellate court interpretation of the underlying law leads to the conclusion defendant acted lawfully in the seizure and thus claimants cannot successfully establish the merits of their claim.
It is ordered that defendant’s motion is granted and the claim is dismissed; and it is further ordered that claimants’ cross motion is denied.

. Tax Law § 421 (1) provides, inter alia, that no distributor may import liquor into the State of New York for sale or use in the State unless such distributor is properly registered with the Department of Taxation and Finance.

. At the time Justice Demarest dismissed the subject applications the Appellate Division had not yet issued its decision modifying Justice Demarest’s prior ruling.

. Department of Taxation & Fin. v Milhelm Attea & Bros., 512 US 61.

. Defendant points out that, subsequent to the dismissal in the interests of justice and the affirmance of such dismissal, claimant Rex W. Seitz entered a plea of guilty in the United States District Court, Northern District of New York, to one, count of violating 18 USC § 1264, a misdemeanor. In his plea, claimant acknowledged, inter alia, that he and others had knowingly and unlawfully participated in the delivery of tractor-trailer loads of liquor to individuals at the St. Regis Mohawk Reservation other than the persons to whom the liquor was consigned.

. Ironically, it appears that at least one of the tractor-trailers was nevertheless ultimately forfeited as part of the plea bargain of claimant Rex W. Seitz in Federal court.