ANN JOHNSON, Respondent, v CHARLES J. PHILLIPS et al., Appellants.—Order unanimously affirmed, with costs. Memorandum: We agree with Special Term that the Statute of Limitations does not constitute a bar to plaintiff's amended complaint, but for a different reason. Plaintiff timely served her original complaint in this action on May 31, 1983 in which she alleged that defendant attorneys negligently failed to reserve and retain certain mineral rights in a contract for the sale of real property or to advise plaintiff that the contract failed to reserve or retain such rights. On July 11, 1983, more than three years after the alleged negligence, an amended complaint was served in which reference was made to two contracts for the sale of real property. The original pleading alleged that on June 9, 1980 plaintiff entered into a contract for the installment sale of certain described real property and a copy of the contract was attached. The amended complaint contains the same allegations except the word "contracts" rather than "contract" is used throughout and two installment contracts are attached as exhibits. Both contracts were signed by the buyers on June 4, 1980, by the seller on June 9, 1980 and were recorded at the same time on June 13, 1980. Although the purchase price, down payment and monthly payments differ, the remaining terms of the installment contracts, both prepared by the buyers' attorneys, are substantially the same; both are subject to the same mortgage and the same provisions apply on default. It is apparent that the original complaint, which was timely served, gave "notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (CPLR 203 [e]). The claims in the original and amended complaints are based essentially on the same transactions. Moreover, there is no doubt that defendants will be required under the amended pleading to undertake the same defense of the issue of malpractice liability as required by the original

pleading, which sufficiently stated circumstances to give adequate notice of the transaction (see, Caffaro v Trayna, 35 NY2d 245, 251). The claim asserted in the amended complaint must be deemed to have been interposed on May 31, 1983. In view of this holding we need not reach the issue as to whether the "continuous representation" doctrine is applicable. (Appeal from order of Supreme Court, Chautauqua County, Ricotta, J.—strike answer, dismiss complaint.) Present—Callahan, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.