■ NEW YORK CITY TRANSIT AUTHORITY, Appellant-Respondent, v MORRIS J. EISEN, P. C., et al., Respondents, and JOSEPH NAPOLI et al., Respondents-Appellants. [610 NYS2d 236] —Order, Supreme Court, New York County (Alfred Toker, J.), entered on or about February 10, 1993, which, inter alia, granted defendant Eisen's motion to dismiss the second cause of action for treble damages under Judiciary Law § 487 as time barred, granted plaintiff's motion for an order of attachment against the assets of defendant Robbins, and granted defendant Robbins' motion to compel plaintiff to produce for discovery and inspection its entire file in the underlying personal injury action only to the extent of directing plaintiff to produce such file for an in camera inspection, unanimously modified, on the law, to deny the motion to dismiss the second cause of action and otherwise affirmed, without costs.

We have recently held that the six-year Statute of Limitations for fraud actions (CPLR 213 [8]), not the three-year Statute for actions to recover a penalty or forfeiture imposed by statute (CPLR 214 [2]), controls a cause of action for treble damages under Judiciary Law § 487 (Guardian Life Ins. Co. v Handel, 190 AD2d 57, 62), and thus we modify to reinstate plaintiff's second cause of action.

The attachment was properly granted, defendant Robbins being a nondomiciliary residing outside of the State (CPLR 6201 [1]), and it appearing that plaintiff has a meritorious cause of action (CPLR 6212 [a]). Her attorney has been convicted of suborning perjury in her personal injury action, and

she may not retain the benefits derived from such fraud even if she was not aware of it *(see, Chase Manhattan Bank v Perla,* 65 AD2d 207, 211). *Bailey v New York City Tr. Auth.* (196 AD2d 854 [2d Dept]) is not to the contrary. There, the Authority claimed that the plaintiff's injuries were not as great as believed when the settlement was made. Rejecting the request for vacatur, the Court stated, "Neither party may * * * rescind merely because the consequences of a known injury are more serious or less serious than had been anticipated. Such uncertainties are presumed to have been considered when the parties agreed upon the adjustment of their claims." *(Supra,* at 855.) Here, by contrast, the case on liability appears to have been contrived. "When the settlement is made on the assumption of the existence of a state of facts, it may be rescinded if that state of facts does not presently exist" *(supra,* at 855). Of course, it remains open to defendant Robbins to establish that the settlement was not based on the false testimony but on other valid considerations.

We perceive no abuse of discretion in the court's decision to review plaintiff's entire Robbins case file in camera in order to determine the extent to which it may be immune from disclosure. Concur—Sullivan, J. P., Kupferman, Asch, Williams and Tom, JJ.