OPINION OF THE COURT
Richard F. Braun, J.
This is an action for conspiracy to deprive plaintiffs of their constitutional rights by the alleged fraudulent conduct of defendants in obtaining default judgments against plaintiffs in actions brought by defendants against plaintiffs in New York and New Jersey. Defendant Felix Storch, Inc. moves to dismiss this action for failure to state a cause of action, for sanctions against plaintiffs and their attorney, and for a formal complaint. Plaintiffs cross-move to disqualify the attorney for defendant and for leave to file an amended complaint.
The complaint in this action is an endorsed one, pursuant to CCA 902 (a) (1). The requirements of the CPLR for a formal pleading are not applicable to an endorsed pleading in Civil Court (CCA 903). Thus, contrary to defendant’s argument, the endorsed complaint need not comply with CPLR 3016 (b) to the extent that plaintiffs’ cause of action is for fraud. The endorsed complaint, together with plaintiffs’ motion papers, demonstrate an arguable cause of action for fraud (see, Guardian Life Ins. Co. v Handel, 190 AD2d 57, 60 [1st Dept 1993]). Thus, this action should not be dismissed for failure to state a cause of action.
The branch of defendant’s motion for sanctions is merit-less and is itself frivolous. Defendant’s counsel was reminded at oral argument that a frivolous sanctions motion is itself sanctionable, pursuant to 22 NYCRR 130-1.1 (c) (see, Chinn v Plastino, NYLJ, Oct. 23, 1991, at 23, col 3 [Civ Ct, NY County]). At oral argument, this court informed defendant’s attorney that, if this branch of defendant’s motion was frivolous, sanctions could be imposed. Defendant’s attorney was given the opportunity to withdraw this part of the motion but declined to do so.
Too often attorneys make boilerplate motions for sanctions or make such motions as an intimidation device in litigation. *343 Defendant and its counsel have done so here. There is no basis in law or fact for this part of defendant’s motion requesting sanctions. Plaintiffs minimally discussed this branch of defendant’s motion in their opposition thereto. Thus, $50 is an appropriate award of costs to each plaintiff, pursuant to 22 NYCRR 130-1.2. Furthermore, pursuant to 22 NYCRR 130-1.3, $50 sanctions by defendant should be deposited with the clerk of this court, and $50 sanctions by defendant’s attorney should be paid to the Lawyers Fund for Client Protection.
Plaintiffs should file a formal complaint in this action, pursuant to defendant’s motion and at this court’s initiative, pursuant to CCA 902 (e). It would be useful to the court if the fraud cause of action were more detailed (see, Carcione v Rizzo, 154 Misc 2d 13,14 [App Term, 2d Dept]).
Defendant raises res judicata in its affirmation in opposition to cross motion. In violation of CPLR 2214 (b), defendant did not raise that as a ground for dismissal, pursuant to CPLR 3211 (a) (5). In any event, res judicata, or more precisely collateral estoppel, does not apply under the circumstances here (see, City Bank Farmers Trust Co. v MacFadden, 13 AD2d 395, 399 [1st Dept 1961]).
A motion for disqualification of counsel should be carefully considered by a court because disqualification deprives a party of its choice of counsel (S & S Hotels Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 443 [1987]). The movant has the burden of proving that disqualification is appropriate (Lefkowitz v Mr. Man, 111 AD2d 119, 121 [1st Dept 1985]), and that the attorney witness would give necessary testimony and should be called at trial (Willig v 46 W. 47th Assocs., NYLJ, Mar. 14, 1989, at 21, col 2 [App Term, 1st Dept] [McCooe, J., dissenting]). This branch of plaintiffs’ motion was insufficiently particularized (Jolicoeur v American Tr. Ins. Co., 159 AD2d 236 [1st Dept 1990]).
Finally, plaintiffs move to amend the complaint to add a cause of action pursuant to Judiciary Law § 487. The accusation by plaintiffs against defendants in the complaint is that defendants fraudulently obtained judgments against plaintiffs in courts of the States of New York and New Jersey. Judiciary Law § 487 states:
"An attorney or counselor who:
"1. Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party; or,
*344 "2. Wilfully delays his client’s suit with a view to his own gain; or, wilfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for,
"Is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action.”
This may be a statute little known to the Bar, but it should be better known.
This section of plaintiffs’ motion must be denied with leave to renew upon proper papers. First, Judiciary Law § 487 (1) does not apply to acts committed in courts of States other than the State of New York (Schertenleib v Traum, 589 F2d 1156, 1166 [2d Cir 1978]). This statute is in part a penal statute, and thus it must be strictly construed (McKinney’s Cons Laws of NY, Book 1, Statutes § 271 [a]). If the Legislature wanted to regulate the behavior of New York State attorneys in courts other than those of our State, it would have had to have been more specific or have stated "any court” in Judiciary Law § 487 (1). The use of the term "the court” means a court of the State of New York. Thus, only defendant(s) attorney(s)’ act of obtaining a default judgment in the Civil Court of the City of New York, County of Bronx, is violative of that statute. Furthermore, plaintiffs have not attached a proposed amended complaint to their moving papers, as required (Plitt v Illinois Sur. Co., 165 App Div 973 [1st Dept 1914]). Under the circumstances, plaintiffs should be given the opportunity to renew their application. Deceiving a court or a litigant can never be condoned.