■ Ross & COHEN, Respondent, v KURTZ STEEL CORPORATION, Appellant. THOMAS M. CURTIS, Nonparty Appellant. [654 NYS2d 375] —Judgment, Supreme Court, New York County (Stuart Cohen, J.), entered March 28, 1996, which, in an action to recover a legal fee, dismissed defendant's counterclaims, order, same court and Justice, entered February 7, 1996, which dismissed defendant's affirmative defense, and judgment, same court and Justice, entered March 5, 1996, which imposed a sanction of $2,500 against defendant's attorney, unanimously affirmed, with one bill of costs.

The sanction was properly imposed against defendant's attorney for attempting to interject Judiciary Law § 487 claims against plaintiff law firm that were completely without merit

in fact (22 NYCRR 130-1.1 [c] [1]). Defendant's affirmative defense of accord and satisfaction was properly dismissed for lack of proof. The first counterclaim alleging that plaintiff unlawfully retained a portion of the settlement proceeds of the underlying action in violation of the terms of the settlement agreement therein was properly dismissed because plaintiff's right under Judiciary Law § 475 to retain the settlement proceeds as a lien could not be affected by the parties' settlement in the underlying action (*see, People v Keeffe*, 50 NY2d 149, 156). The second counterclaim alleging defendant's payments of plaintiff's fees under duress and plaintiff's billing of disbursements that it did not actually incur is lacking in factual support. The remaining counterclaims, all alleging various acts of malpractice, viewed in a light most favorable to defendant, show nothing more than an error of professional judgment (*see, Stroock & Stroock & Lavan v Beltramini*, 157 AD2d 590). Concur—Wallach, J. P., Nardelli, Rubin and Williams, JJ.