■ LIDDLE & ROBINSON et al., Respondents-Appellants, v PAUL T. SHOEMAKER, Defendant, and GREENFIELD STEIN & SENIOR, L. L. P., et al., Appellants-Respondents and Third-Party Plaintiffs-Appellants. LIDDLE & ROBINSON et al., Third-Party Defendants-Respondents. [714 NYS2d 46] —Order, Supreme Court, New York County (Barry Cozier, J.), entered March 22, 2000, which granted in part and denied in part the motion by defendants and third-party plaintiffs for summary judgment dismissing the complaint, unanimously modified, on the law, to reinstate the first, sixth, eighth and ninth causes of action and otherwise affirmed, without costs. Order, same court and Justice, entered October 26, 1999, which, to the extent appealed from as limited by the brief, imposed sanctions for frivolous conduct, unanimously affirmed, with costs to Stroock, Stroock & Lavan, L. L. P. and Joseph L. Forstadt payable by Greenfield Stein & Senior, L. L. P.

Although the motion court, in this dispute between various attorneys over legal fees, properly sustained the third, fourth, fifth and seventh causes of action in the amended complaint, alleging unjust enrichment, money had and received, conversion and aiding and abetting a breach of fiduciary duty, it erred when it dismissed the first, sixth, eighth and ninth claims for, respectively, breach of contract, breach of fiduciary duty, imposition of a constructive trust and an accounting. The purported contract relied upon by plaintiff, a memorandum dated March 2, 1995, indicates that plaintiff and defendant law firms may well have entered into an oral agreement as to the allocation of legal fees with respect to two legal matters, and, accordingly, the question of the existence of an enforceable agreement should be left for the trier of fact. Whether there was a fiduciary relationship between the two law firms, an issue closely related in this matter to the question of whether there was a viable agreement between the firms respecting fee allocation, should have been left for the trier of fact as well. The eighth and ninth causes of action, demanding imposition of a constructive trust and an accounting, should also await resolution of the question of whether there was an enforceable agreement between the law firms.

However, the motion court properly dismissed the second cause of action to recover in quantum meruit, since the services for which recovery was sought herein had been rendered solely to clients and not to defendant attorneys, and properly dismissed the tenth cause of action predicated upon Judiciary Law § 487 (2), since this matter, a fairly routine fee dispute between attorneys, does not implicate the cited statute's concern for curbing and providing redress for attorney overreaching vis-à-vis clients.

It is clear that the third-party action instituted against plaintiff and its counsel was entirely frivolous. The imposition of sanctions, then, constituted a proper exercise of discretion (*see*, 22 NYCRR 130-1.1; *Ross & Cohen v Kurtz Steel Corp.*, 237 AD2d 172, 172-173). Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Rubin and Buckley, JJ.