■ Shefa Unlimited, Inc., et al., Respondents, v Amsterdam & Lewinter et al., Appellants, et al., Defendants. [856 NYS2d 118]—

In the proposed second amended complaint, the plaintiffs sought, in effect, to assert a new cause of action to recover damages for legal malpractice. However, that cause of action was time-barred (*see* CPLR 214 [6]). Moreover, the original complaint did not give the appellants notice of the alleged transactions, occurrences, or series of transactions and occurrences that formed the basis for the new cause of action (*see* CPLR 203 [f]). Under these circumstances, where the proposed pleading was not a "mere expansion" of the allegations in the original complaint, and thus, did not "relate back" to that pleading, the Supreme Court improvidently exercised its discretion in permitting the amendment (*Krioutchkova v Gaad Realty Corp.*, 28 AD3d 427, 428 [2006]). Indeed, although leave to amend a pleading is to be freely granted, leave should be denied where, as here, the opponent would suffer prejudice or surprise resulting directly from the delay in seeking leave, or the proposed amendment is palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Nissenbaum v Ferazzoli*, 171 AD2d 654, 655 [1991]; *Barnes v County of Nassau*, 108 AD2d 50, 52 [1985]).

The appellants' remaining contention is without merit. Mastro, J.P., Rivera, Covello and Dickerson, JJ., concur.