■ SIERRA FRANK, Respondent, v WILLIAM H. EATON et al., Appellants. [864 NYS2d 97]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated October 26, 2006, as granted the plaintiff's cross motion pursuant to CPLR 3025 (b) for leave to amend the complaint to add a new cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion is denied.

The infant plaintiff, by her mother, commenced this action seeking to hold the defendants strictly liable for injuries she sustained when the defendants' dog bit her. She alleged that the defendants knew or should have known that their dog had vicious propensities. After the defendants moved for summary judgment dismissing the complaint, the plaintiff cross-moved for leave to amend her complaint to add a new cause of action based on the theory that the defendants negligently supervised her while she was playing on their premises. The Supreme Court granted the defendants' motion for summary judgment dismissing the original complaint, finding a lack of evidence of the dog's vicious propensities prior to this incident. The court, however, granted the plaintiff's cross motion, finding that the proposed second cause of action alleging negligent supervision was viable.

"Although leave to amend a pleading is to be freely granted, leave should be denied where . . . the proposed amendment is palpably insufficient or patently devoid of merit" (*Staskowski v Nassau Community Coll.*, 53 AD3d 611, 612 [2008]; see CPLR 3025 [b]; *Shefa Unlimited, Inc. v Amsterdam & Lewinter*, 49 AD3d 521 [2008]). Here, the Supreme Court improvidently exercised its discretion in granting the plaintiff's cross motion for leave to amend the complaint to assert a negligence-based cause of action. "[W]hen harm is caused by a domestic animal, its owner's liability is determined solely by application of the [strict liability] rule articulated in *Collier* [*v Zambito*, 1 NY3d

444, 446 (2004)]" (*Bard v Jahnke*, 6 NY3d 592, 599 [2006]). Thus, the defendants could incur no liability as owners of the dog because the injuries alleged were caused by a domestic animal with no known vicious propensities (*see Bard v Jahnke*, 6 NY3d at 599). Moreover, assuming arguendo that the defendants could be subject to a negligence cause of action, not as owners of the dog but as temporary custodians of the infant plaintiff (*cf. Bernstein v Penny Whistle Toys, Inc.*, 10 NY3d 787, 788 [2008]), the proposed amendment was palpably insufficient to show that the defendants were negligent. Accordingly, the cross motion for leave to amend the complaint should have been denied. Rivera, J.P., Skelos, Fisher and Angiolillo, JJ., concur.