OPINION OF THE COURT
Jack M. Battaglia, J.
With a verified complaint dated June 9, 2004, plaintiff Frederick Cinao commenced this action for legal malpractice against defendant Richard Reers. Plaintiff allegedly retained defendant in April 2000 to assist him in connection with a trust created by plaintiff’s mother, who died the previous August, including proceedings in the Circuit Court of the First Circuit of the State of Hawaii. According to plaintiff, defendant failed to arrange for an appearance by plaintiff in the Hawaii proceedings on three occasions, with the result that plaintiff was removed as trustee and ordered to pay the attorney fees of his brother, also a party to the Hawaii proceedings.
Defendant also allegedly failed to make a final distribution to plaintiffs brother, as required by the trust and court order, and failed to sell trust securities as required by the trust. In addition to the attorney fees, the Hawaii court ordered plaintiff to pay interest on the amount of the unpaid distribution from the trust, and held him liable for losses sustained with respect to the securities.
*197 The verified complaint clearly sounds only in negligence, and seeks damages in the approximate amount of $250,000.
Plaintiff now seeks leave, pursuant to CPLR 3025 (b), to amend his verified complaint. The proposed amended verified complaint purports to allege, in addition to a cause of action for legal malpractice, a cause of action pursuant to Judiciary Law § 487, which permits recovery of treble damages for certain attorney misconduct. The proposed amended verified complaint alleges “negligent acts and/or omissions” (proposed amended complaint 1i 18), comprised of failures to act or act properly, and withholding information from plaintiff, with respect to the trust and the court proceedings in Hawaii; and alleges “specific acts of intentional misconduct and deception” (id, 1i 20), comprised of false representations and statements, including two letters to the presiding judge, and withholding of material information from plaintiff, concerning the trust and Hawaii proceedings.
The damages alleged in the proposed amended verified complaint follow those in the pending complaint, with the addition of unnecessary and excessive fees and expenses paid to defendant; and, based upon allegations that defendant “intentionally deceived the court, opposing counsel as well as his own client in the Hawaii proceeding in a manner that demonstrated a chronic and extreme pattern of legal delinquency” (id. If 19), “treble damages as well as punitive damages” pursuant to Judiciary Law § 487 (id. 1f 35).
Judiciary Law § 487 “descends from the first Statute of Westminster, which was adopted by the Parliament summoned by King Edward I of England in 1275.” (See Amalfitano v Rosenberg, 12 NY3d 8, 12 [2009].) The statute reads in its entirety:
“§ 487. Misconduct by Attorneys “An attorney or counselor who:
“1. Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party; or,
“2. Wilfully delays his client’s suit with a view to his own gain; or, wilfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for,
“Is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action.”
“A violation of Judiciary Law § 487 (1) may be established ‘either by the defendant’s alleged deceit or by an alleged chronic, *198 extreme pattern of legal delinquency by the defendant.’ ” (Boglia v Greenberg, 63 AD3d 973, 975 [2d Dept 2009], quoting Knecht v Tusa, 15 AD3d 626, 627 [2d Dept 2005].)
“Motions for leave to amend pleadings should be freely granted, absent prejudice or surprise directly resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit.” (Tyson v Tower Ins. Co. of N.Y., 68 AD3d 977, 979 [2d Dept 2009]; see also CPLR 3025 [b].) “Mere lateness, unless coupled with prejudice, does not bar an amendment.” (Matter of Rouson, 32 AD3d 956, 958 [2d Dept 2006].) “Where no prejudice is shown, an amendment may be allowed ‘during or even after trial’.” (Dinizio & Cook, Inc. v Duck Cr. Mar. at Three Mile Harbor, Ltd., 32 AD3d 989, 990 [2d Dept 2006], quoting Dittmar Explosives v A. E. Ottaviano, Inc., 20 NY2d 498, 501 [1967].)
“The defendants cannot legitimately claim surprise or prejudice, where the proposed amendments [are] premised upon the same facts, transactions or occurrences alleged in the original complaint.” (Janssen v Incorporated Vil. of Rockville Ctr., 59 AD3d 15, 27 [2d Dept 2008].) “Exposure to additional liability does not, in itself, constitute prejudice.” (RCLA, LLC v 50-09 Realty, LLC, 48 AD3d 538, 539 [2d Dept 2008].) “Prejudice requires that ‘the defendant has been hindered in the preparation of his case or has been prevented from taking some measure in support of his position’.” (Id., quoting Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23 [1981].)
In the absence of prejudice or surprise, the complaint in an action for legal malpractice may be amended unless the amendment is “patently devoid of merit.” (See McCluskey v Gabor & Gabor, 61 AD3d 646, 648 [2d Dept 2009].) “This means that . . . the motion for leave to amend will be denied, in the absence of prejudice or surprise, only if the new cause of action would not withstand a motion to dismiss under CPLR 3211 (a) (7).” (Lucido v Mancuso, 49 AD3d 220, 225 [2d Dept 2008].)
Although defendant asserts prejudice and surprise, the only specific offered is that the proposed Judiciary Law § 487 claim is “a transparent attempt to gain leverage for the purpose of settlement” (affirmation in opposition to motion to amend the complaint [affirmation in opposition] 1Í1Í 3, 11). But that is not the type of prejudice or “surprise” that would warrant denial of leave to amend.
According to plaintiff, and undisputed by defendant, “due to various motions and procedural delays, including an unsuccess *199 ful motion for summary judgment, a failed effort at settlement that led to additional motion practice and an appeal to the Second Department, and Plaintiff having switched attorneys, discovery is still ongoing”; “Defendant has not yet served any written discovery responses or produced any documents,” and “[n]either party has taken any depositions.” (Affirmation of Michael A. Freeman, Esq. in support of plaintiffs motion to amend the complaint [affirmation in support] 1I1Í17, 19, 20.) Except for conclusory allegations as to defendant’s fault, the only additional factual allegations in the proposed amended verified complaint relate to two letters defendant wrote to the presiding judge in Hawaii, matters clearly within defendant’s knowledge. The possibility of treble damage liability alone is not sufficient to warrant denial of leave to amend.
Defendant also contends, however, that the proposed cause of action pursuant to Judiciary Law § 487 is time-barred and, assuming it is not, “such claim is patently devoid of merit as Judiciary Law § 487 applies only to actions by an attorney in matters pending in the courts of New York.” (Affirmation in opposition 1Í17.) Whether considered an aspect of prejudice or surprise, or of lack of merit of the new claim, where the new claim clearly would be barred by the statute of limitations, leave to amend to assert it should be denied. (See Shefa Unlimited, Inc. v Amsterdam & Lewinter, 49 AD3d 521, 522 [2d Dept 2008].)
In the Second Department, a claim for treble damages pursuant to Judiciary Law § 487 is governed by the “three-year malpractice Statute of Limitations” found in CPLR 214 (6). (See Jorgensen v Silverman, 224 AD2d 665, 666 [2d Dept 1996].) “Once a defendant has demonstrated that the statute of limitations has expired, ‘[t]he burden is on the plaintiff to establish the applicability of the [relation-back] doctrine’ ” of CPLR 203 (f). (See Cardamone v Ricotta, 47 AD3d 659, 660 [2d Dept 2008], quoting Nani v Gould, 39 AD3d 508, 509 [2d Dept 2007].)
“A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.” (CPLR 203 [f].)
Defendant makes no particular showing that plaintiff’s proposed cause of action pursuant to Judiciary Law § 487 is *200 barred by the statute of limitations, other than to state that the “claim is time-barred because said claim does not relate back to the date of the original complaint.” (Affirmation in opposition II 12.) The only ground asserted for the contention that the claim “does not relate back” is that “the proposed amended complaint is not a ‘mere [extension]’ of the allegations of the original complaint.” (Id. ¶ 16, quoting Krioutchkova v Gaad Realty Corp., 28 AD3d 427, 428 [2d Dept 2006]; see also Shefa Unlimited, Inc. v Amsterdam & Lewinter, 49 AD3d at 522.)
The most recent date alleged in the proposed amended verified complaint is November 7, 2002. Apparently recognizing the significance, plaintiff himself raises CPLR 203 (f) in support of his motion {see affirmation in support HIT 28, 30), and nowhere contends that, even absent the relation-back doctrine, the Judiciary Law claim would be timely. Rather, he contends that the doctrine is applicable because “the only substantive difference between the complaint and the proposed amended complaint are the allegations regarding Defendant’s state of mind, i.e., were his acts and omissions merely negligent or did he intend to deceive the court, the other litigants and his own client?” (Plaintiffs reply mem of law in further support of his motion to amend the complaint at 4.)
“The sine qua non of the relation-back doctrine is notice.” (Pendleton v City of New York, 44 AD3d 733, 736 [2d Dept 2007].) “Where the allegations of the original complaint gave the defendants notice of the facts and occurrences giving rise to the new cause of action, the new cause of action may be asserted.” (Id.) “However, where the original allegations did not provide the defendants notice of the need to defend against the allegations of the amended complaint, the doctrine is unavailable.” (Id.) “A new claim relates back to the ‘allegations’ of an original complaint, not the causes of action.” (Id. at 737.)
Plaintiff’s characterization of the differences between his verified complaint and his proposed amended verified complaint as merely relating to defendant’s “state of mind” is too facile. The allegations in the proposed amended complaint that defendant made misstatements (at best) in letters to the judge presiding in the Hawaii proceedings, which, as will appear, are material to his Judiciary Law cause of action, cannot be gleaned from the allegations of the original complaint. If a plaintiff’s cause of action pursuant to Judiciary Law § 487 is deemed sufficiently similar to a cause of action for fraud for statute of limitations purposes, case law would appear to require particular *201 scrutiny of an attempt to add the cause of action to a complaint that previously only alleged negligence. (See Martin v Edwards Labs., Div. of Am. Hosp. Supply Corp., 60 NY2d 417, 429 [1983]; Sabella v Vaccarino, 263 AD2d 451, 452 [2d Dept 1999]; Monaco v New York Univ. Med. Ctr., 213 AD2d 167, 168 [1st Dept 1995].)
Those decisions, however, must be considered in light of the special character of fraud actions, including a statute of limitations that determines accrual in part from discovery of the fraud. (See CPLR 213 [8].) The special character of the fraud action colors the relation-back determination. (See Martin v Edwards Labs., 60 NY2d at 429.) Moreover, unlike the First Department, which at one time applied the fraud statute of limitations to claims pursuant to Judiciary Law § 487 (see New York City Tr. Auth. v Morris J. Eisen, P.C., 203 AD2d 146, 146 [1st Dept 1994]), the Second Department treats the statutory claim as one for legal malpractice for statute of limitations purposes (see Jorgensen v Silverman, 224 AD2d at 666).
At the end of the day, therefore, the question must be whether the original complaint gave the defendant sufficient “notice of the transactions, occurrences, or series of transactions, or occurrences, to be proved pursuant to the amended pleading” (see CPLR 203 [fj), or, more specifically in a legal malpractice action, whether the defendant “will be required under the amended pleadings to undertake the same defense of the issue of malpractice liability as required by the original pleading” (see Johnson v Phillips, 115 AD2d 299, 299-300 [4th Dept 1985]).
The only nonconclusory factual allegations in the proposed amended verified complaint that do not appear in the verified complaint relate to the two letters defendant allegedly sent to the presiding judge in the Hawaii proceedings. Those letters request adjournment of proceedings for which, according to the verified complaint, defendant failed to arrange plaintiffs appearance, and, therefore, seem quite clearly to be part of the same “transaction” or “occurrence” (see CPLR 203 [f]). There is no suggestion in defendant’s opposition that, because of the passage of time, any defense related to those letters is in any way compromised.
Defendant’s contention that the Judiciary Law § 487 cause of action would be barred by the statute of limitations is, therefore, rejected.
Based as it is on a line of judicial decisions, beginning with the Second Circuit’s decision in Schertenleib v Traum (589 F2d 1156 [2d Cir 1978]), defendant’s most serious objection to *202 plaintiffs motion is that Judiciary Law § 487 applies only to misconduct by attorneys in connection with proceedings pending in New York courts. As stated by the Second Circuit:
“[S]ection 487 is . . . intended to regulate, through criminal and civil sanctions, the conduct of litigation before the New York courts. We doubt it was the purpose of the New York legislature to fasten on its attorneys criminal liability and punitive damages for acts occurring outside the state. It seems more likely that the concern is for the integrity of the truth-seeking processes of the New York courts, not for injury to foreign litigants.” (Id. at 1166.)
No authority or other source is cited by the court for its understanding of the New York Legislature’s intent as to the scope of Judiciary Law § 487. Schertenleib was relied upon by a federal District Court in dismissing a section 487 claim based upon a restraining order obtained from a federal District Court in Florida, stating that “[sjection 487 only applies to conduct within the borders of New York State” (see Papworth v Steel Hector & Davis, 2007 WL 2903944, *12, 2007 US Dist LEXIS 72864, *33 [ND NY 2007]; see also Nardella v Braff, 621 F Supp 1170, 1172 [SD NY 1985]). The subsequent decisions by federal courts have not added to Schertenleib’s rationale.
Schertenleib has been relied upon in one New York State court decision. Civil Court held in Southern Blvd. Sound v Felix Storch, Inc. (165 Misc 2d 341 [Civ Ct, NY County 1995], mod on other grounds 167 Misc 2d 731 [App Term, 1st Dept 1996]) that “Judiciary Law § 487 (1) does not apply to acts committed in courts of States other than the State of New York” (see id. at 344), offering the following rationale:
“If the Legislature wanted to regulate the behavior of New York State attorneys in courts other than those of our State, it would have had to have been more specific or have stated ‘any court’ in Judiciary Law § 487 (1). The use of the term ‘the court’ means a court of the State of New York.” (Id.)
Civil Court’s reading may be even narrower than the Second Circuit’s if understood as precluding applicability of the statute to deceit on a federal court sitting in New York. In any event, this court respectfully disagrees if either court would refuse to apply the statute here for the sole reason that the allegations relate to proceedings pending in a Hawaii court and not a court sitting in New York.
*203 The statute itself states no such limitation. “The statutory-text is the clearest indicator of legislative intent.” (Maraia v Orange Regional Med. Ctr., 63 AD3d 1113, 1116 [2d Dept 2009] [internal quotation marks and citations omitted].) “[A] court cannot amend a statute by inserting words that are not there, nor will a court read into a statute a provision which the Legislature did not see fit to enact.” (Matter of Charles S., 60 AD3d 954, 955 [2d Dept 2009] [internal quotation marks and citations omitted].)
“[T]he statute’s evident intent [is] to enforce an attorney’s special obligation to protect the integrity of the courts and foster their truth-seeking function” (see Amalfitano v Rosenberg, 12 NY3d at 14), with a related “concern for curbing and providing redress for attorney overreaching vis-á-vis clients” (see Liddle & Robinson v Shoemaker, 276 AD2d 335, 336 [1st Dept 2000]). The first New York statute on the subject, adopted in 1787, provided redress for attorney deceit or collusion “in any court of justice.” (See Amalfitano v Rosenberg, 12 NY3d at 12, quoting L 1787, ch 35, § 5 [emphasis added].)
Generally, Judiciary Law § 487 “applies only to wrongful conduct by an attorney in an action that is actually pending.” (See Mahler v Campagna, 60 AD3d 1009, 1012-1013 [2d Dept 2009].) “Where the deception is directed against a court, a pending judicial proceeding is not required; it is sufficient if the deception relates to a prior judicial proceeding or one which may be commenced in the future.” (Singer v Whitman & Ransom, 83 AD2d 862, 863 [2d Dept 1981]; see also Costalas v Amalfitano, 305 AD2d 202, 204 [1st Dept 2003]; Hansen v Caffry, 280 AD2d 704, 705 [3d Dept 2001].) “Deception of a court is not confined to the actual appearance in court but has reference to any statement, oral or written, made with regard to a proceeding brought or to be brought therein and communicated to the court with intent to deceive.” (Fields v Turner, 1 Misc 2d 679, 681 [Sup Ct, NY County 1955]; see also Amalfitano v Rosenberg, 533 F3d 117, 123 [2d Cir 2008].)
The limitation, in the case of deceit of a party, to a pending proceeding was first articulated by the Court of Appeals more than a century ago in Looffv Lawton (97 NY 478 [1884]). “The ‘party’ referred to is clearly a party to an action pending in a court in reference to which the deceit is practiced, and not a person outside, not connected with the same at the time or with the court.” (Id. at 482.) “In placing a construction upon the section cited,” a predecessor to Judiciary Law § 487, “we should *204 consider its provisions in connection with others which relate to the same general subject, and in view of the object to be attained.” (Id. at 481-482.)
With respect to Civil Court’s ruling in Southern Blvd. Sound (165 Misc 2d 341 [1995]), there is nothing in Judiciary Law § 487 that would limit its applicability to deceit practiced on a court sitting in New York, and a limitation cannot be fairly implied from the use of the definite article “the,” rather than the indefinite article “a.” Section 487 appears as part of article 15 of the Judiciary Law, “Attorneys and Counsellors,” with statutory provisions governing the admission and supervision of attorneys. The “integrity of the courts and . . . their truth-seeking function” (see Amalfitano v Rosenberg, 12 NY3d at 14) is no less worthy of protection because the court sits in a sister state, and, in any event, the statutory purpose extends to “curbing and providing redress for attorney overreaching vis-a-vis clients” (see Liddle & Robinson v Shoemaker, 276 AD2d at 336).
This court is not bound by the federal court decisions in Schertenleib and its progeny, nor is it bound by Civil Court’s and Appellate Term’s decisions in Southern Blvd. Sound. (See Cox v Microsoft Corp., 290 AD2d 206, 207 [1st Dept 2002]; People v Gundarev, 25 Misc 3d 1204[A], 2009 NY Slip Op 51972[U], *1-2 [Crim Ct, Kings County 2009]; King Transp. Servs. v State of New York, 185 Misc 2d 684, 687 [Ct Cl 2000].) Nonetheless, a court should be reluctant to divert from an accepted view of the law, particularly where interpretation of a statute is at issue. Here, however, only the Schertenleib and Southern Blvd. Sound courts offered any reasoning to support the implied limitation on the applicability of Judiciary Law § 487, and neither cited any authority or other support for its reading of the statute.
In light of the statutory language and purposes, this court sees no basis for limiting the applicability of Judiciary Law § 487 to judicial proceedings pending in New York courts. A New York court has sufficient interest in supervising the conduct of attorneys admitted before its bar, and protecting resident clients who have been harmed by the deceit of an admitted attorney, to apply Judiciary Law § 487 to the attorney’s conduct no matter where the action is pending.
Plaintiffs motion is, therefore, granted.