OPINION OF THE COURT
Michael A. Ciaffa, J.
In this civil action for damage to a taxi arising from an auto accident, the transfer of the case from a commercial small claims part has given rise to a series of difficult and novel procedural questions. Can the plaintiff, after transfer, seek damages in excess of those otherwise permitted in a small claims matter? Can it do so simply through new allegations in a required formal complaint? Or must it seek leave of the court allowing it to do so through an amended complaint? If leave to amend is necessary, what standards should be applied? The court’s decision, below, addresses and answers each of these issues, among others.
*789 Plaintiff, JEM Transportation Corp., commenced a commercial small claims action against defendant, Margaret Blennau, on November 18, 2011. Its commercial small claims complaint alleged that defendant was responsible for “loss of use” damages which resulted from an auto accident on December 17, 2008. Plaintiffs total claim, at that time, was $4,676— well within the $5,000 monetary limit for commercial small claims (see UDCA 1801, 1801-A).
The matter first came on the commercial small claims hearing calendar on March 14, 2012. An attorney for plaintiff filed a notice of appearance on that date, and the case was adjourned to May 30, 2012. On the latter date, an attorney for defendant filed a notice of appearance, and requested transfer of the case to the court’s regular civil part.
In commercial small claims cases “[wjhere all parties appear by attorneys,” the court rules provide that “the case may be transferred to a regular part of court” (Uniform Civ Rules for Dist Cts [22 NYCRR] § 212.41-a [f] [1]; see also UDCA 1805-A [b]). The matter, accordingly, was transferred to this court’s civil part by the judge presiding in the night small claims hearing part. By letter dated May 31, 2012, the attorneys were notified that the case would be receiving a new index number and that “formal pleadings are required.”
Following payment of the required additional filing fee (see Uniform Civ Rules for Dist Cts [22 NYCRR] § 212.41-a [f] [1]), plaintiff filed a new summons and a formal complaint on July 2, 2012. The new complaint, in pertinent part, alleged that plaintiffs taxi had been struck by defendant’s vehicle while that vehicle was making an illegal and unsafe U-turn. It also sought damages “in the sum of $10,000.00 including property damage, loss of use, towing, and storage.”
Defendant’s counsel thereupon filed a timely motion to dismiss plaintiffs formal complaint, contending that plaintiff improperly increased its ad damnum clause to $10,000, and that it had improperly included property damage claims which were not contained in the original small claims complaint. Since the alleged property damage occurred more than three years before the formal complaint was filed, defendant maintains that the property damage claim is barred by the statute of limitations (see CPLR 214 [4]). In addition, defendant contends that plaintiff “should be constrained to pursue only his loss of use claim in the total sum of $4,676.00 since [plaintiff] failed to seek Court leave to amend the ad damnum” to include claims for additional damages.
*790 Plaintiffs counsel opposes the motion and cross-moves for leave to amend its pleading, if necessary. Since plaintiffs commercial small claims action was commenced less than three years after the subject motor vehicle accident, plaintiff contends that the action was timely commenced. The subsequent service of a formal pleading “after the statute of limitations would have otherwise expired” made no difference, in plaintiffs view. Plaintiff further contends that “there is no precedent or logical reason why a case should be dismissed based on plaintiffs increase of the damage clause.”
“This matter was transferred by the court to the Civil Part where Plaintiff [is] not constrained by a $5,000 limit. [Defendant’s motion] cites no rule, law or precedent which precludes Plaintiff from increasing the ad damnum without leave of court when it is, in fact, the court which transferred the matter.”
Plaintiffs counsel adds: “If this court should agree that Plaintiff needs leave to increase its demand, then I hereby request such leave to increase the demand to $10,000 to include damages for loss of use, property damage and storage.”
The motions at hand present several issues of first impression. The court’s research has uncovered no reported cases addressing whether the plaintiff in a transferred small claims matter is bound by the $5,000 monetary limit for small claims, and if not, whether the plaintiff can seek increased damages without court leave when filing a formal pleading after transfer.
In addressing the first issue, the court begins with the statutory language authorizing the transfer. UDCA 1805-A (b), like the counterpart provision governing noncommercial small claims (UDCA 1805 [b]), provides that “[t]he court shall have power to transfer any commercial claim or claims to any other part of the court upon such terms as the rules may provide, and proceed to hear the same according to the usual practice and procedure applicable to other parts of the court.” This court’s rules, in turn, provide that such a transfer is permissible in small claims cases “[w]here all parties appear by attorneys” (Uniform Civ Rules for Dist Cts [22 NYCRR] §§ 212.41-a [f| [1]; 212.41 [f] [1]).
The rules, themselves, contain no language limiting the amount of damages that may be sought in a transferred matter. Moreover, unlike cases transferred pursuant to a defendant’s jury demand (see UDCA 1806-A, 1806), small claims cases transferred because all parties are represented by counsel “lose *791 their Small Claims character.” (See Arthur F. Engoron, Small Claims Manual, A Guide to Small Claims Litigation in the New York State Courts at VII [B] [5th ed 2001].) It logically follows that the plaintiff in such a transferred case need not limit its claim to $5,000, and where warranted, it may seek damages up to the usual $15,000 monetary limitation that applies to other district court actions for monetary damages (see UDCA 202).
However, where a plaintiff seeks to do so, this court believes that the plaintiff must request and obtain leave of the court, by motion to amend (see CPLR 3025 [b]). The statutory provisions allowing one amendment without leave (CPLR 3025 [a]) do not permit an amendment as of right under the circumstances at bar. To the extent the “amendment as of right” provisions apply to commercial small claims matters (see UDCA 1804-A), they do not justify service of an amended complaint as of right after a matter is transferred to a regular civil part. In small claims matters generally, a defendant responds to a complaint by appearing rather than answering (see Uniform Civ Rules for Dist Cts [22 NYCRR] § 212.41-a). Since the defendant in such a case is not required to serve and file an answer or other pleading responding to the complaint, plaintiffs time to amend the complaint, as of right, necessarily elapsed as of the date defendant appeared in response to the original complaint. (See CPLR 3025 [a].)
Nor can the clerk’s direction requiring service of a formal complaint be viewed as the functional equivalent of permission to serve an amended complaint. Nothing in the CPLR or the court rules specifically allows for such a result. The mere fact that plaintiff was directed to serve a formal complaint did not grant it the right, carte blanche, to convert a claim for less than $5,000 in “loss of use” damages to a very different and more complex case seeking $10,000 in damages for “loss of use, property damage and storage.” At least in circumstances where the formal complaint clearly goes beyond the claims initially pleaded, and seeks damages above those permitted in a small claims matter, judicial approval should be obtained.
Under well established procedural rules which apply to civil actions generally, leave of court must be sought in cases where a plaintiff seeks to expand its complaint to include allegations respecting “additional or subsequent transactions or occurrences” (see CPLR 3025 [b]). Leave is likewise required where a party seeks to increase its ad damnum beyond that previously pleaded. (See Loomis v Civetta Corinno Constr. Corp., 54 NY2d *792 18, 23 [1981].) This court sees no basis for excluding transferred small claims cases from the usual rules requiring leave when a subsequent pleading alleges additional facts, claims and damages.
Plaintiff’s formal pleading, here, included such additional facts, claims and damages without seeking court leave. To the extent the formal complaint includes newly alleged claims for “property damage and storage,” such additional claims go far beyond the original small claim that was pleaded. In any event, the newly alleged claim for $10,000 in damages essentially doubles the damages previously claimed.
In this court’s opinion, such increased damages cannot be allowed without leave from the court. Absent court leave, the inclusion of such additional claims in the formal complaint was and is improper as a matter of law. Consequently, defendant properly challenged the formal complaint through a timely motion to dismiss (see CPLR 3211 [e]).
Nevertheless, in the face of defendant’s challenge to the formal complaint, plaintiff requests leave to amend, if necessary. Granting such a motion would necessarily moot the request for dismissal of the formal complaint. The court accordingly turns to the issue of whether plaintiffs cross motion for leave to amend should be granted, permitting it to increase the ad damnum clause, and to include in its formal complaint claims for property damage and storage which were not previously asserted.
As a general rule, pursuant to CPLR 3025 (b), leave to amend should be “freely given upon such terms as may be just.” However, the general rule does not completely foreclose judicial discretion and judgment, particularly where a proposed amendment might prejudice the opponent. (See generally Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3025:6.)
“It has always been the law that permission to increase the ad damnum clause . . . lies within the sound discretion of the court.” (Koi v P. S. & M. Catering Corp., 15 AD2d 775, 775 [1st Dept 1962].) On the other hand, as the Court of Appeals has recognized, “in the absence of prejudice to the defendant, a motion to amend the ad damnum clause, whether made before or after the trial, should generally be granted.” (Loomis v Civetta Corinno Constr. Corp., 54 NY2d at 23.) The decision in Loomis added: “Prejudice, of course, is not found in the mere exposure of the defendant to greater liability. Instead, there must be *793 some indication that the defendant has been hindered in the preparation of his case or has been prevented from taking some measure in support of his position.” (Id.)
More recent decisions have made clear that a defendant “cannot legitimately claim surprise or prejudice, where the proposed amendments [are] premised upon the same facts, transactions or occurrences alleged in the original complaint.” (Cinao v Reers, 27 Misc 3d 195, 198 [Sup Ct, Kings County 2010], quoting Janssen v Incorporated Vil. of Rockville Ctr., 59 AD3d 15, 27 [2d Dept 2008].) Where a proposed amendment raises new claims arising from such facts which appear to be barred by the applicable statute of limitations, the court must closely analyze whether the “relation back” doctrine applies. (CPLR 203 [f]; see Rivera v Fishkin, 48 AD3d 663, 664 [2d Dept 2008].) If the new claims are a “mere extension” of the original complaint, the new claims would not be time-barred. (Compare Shefa Unlimited, Inc. v Amsterdam & Lewinter, 49 AD3d 521, 522 [2d Dept 2008], with Cinao v Reers.) As a consequence, the plaintiff in such a case should ordinarily be allowed to amend its complaint, and this holds true regardless of whether the plaintiffs failure to raise the claims in its original complaint is or is not “excusable.” (See Buran v Coupal, 87 NY2d 173 [1995].)
Nevertheless, a contrary result can be reached “[w]hen a plaintiff intentionally decides not to assert a claim against a party known to be potentially liable” (Buran v Coupal, 87 NY2d at 181). In such a case, “there has been no mistake and the plaintiff should not be given a second opportunity to assert that claim after the limitations period has expired.” (Id.) “Similarly, a court would be justified in denying a plaintiff the benefit of the [relation back] doctrine in order to prevent delay or disruption in the normal course of the lawsuit [since] [application of the doctrine in such circumstances would likely result in prejudice to the adversary” (id.).
The parties’ moving papers in this case include sufficient proof that plaintiffs initial complaint, dated November 18, 2011, provided defendant with fair notice of the “transactions and occurrences” which gave rise to both plaintiffs initial claim for damages for “loss of use,” and for its subsequently asserted claims for “property damage” and related ancillary costs. Plaintiff’s initial complaint alleged, in plain and concise language, that the parties were “involved in an auto accident [on December 17, 2008] . . . caused by the negligence of the defendant or the defendant’s driver.” Moreover, defendant’s mov *794 ing papers include a copy of a police accident report MV-104A, prepared shortly after the accident (see police report dated Dec. 22, 2008), which clearly discloses the fact that plaintiffs vehicle had sustained significant damage and was towed from the scene of the accident.
For reasons not otherwise explained, plaintiffs counsel mistakenly believed that his client had “received payment for repairs” from defendant’s insurer at the time he sent a formal demand letter to the insurer (see letter from plaintiffs counsel dated Nov. 1, 2011, annexed to defendant’s moving papers). Accordingly, when filing the initial small claims complaint, plaintiff limited the claim to damages for loss of use.
However, there is nothing in the instant record to suggest that plaintiffs assertion of a limited claim for loss of use was intentional, or otherwise had been done to obtain a tactical advantage through its assertion in a small claims action. (Cf. Buran v Coupal.) To the contrary, it was defendant, not plaintiff, who requested transfer of the case to the regular civil part of the court. Sometime after defendant obtained the transfer order, plaintiffs counsel apparently learned for the first time that plaintiffs property damage claim had not been paid by defendant’s insurer. Consequently, in preparing the required “formal complaint,” he understandably included additional damage claims that had been overlooked previously.
By the time the additional claims were first asserted in plaintiffs formal complaint, which was filed on July 2, 2011, more than 3V2 years had passed from the date of the accident (Dec. 17, 2008). Yet, under the “relation back” doctrine applicable to amended claims in complaints (CPLR 203 [f]), the new and amended claims cannot be deemed untimely simply because they were not asserted within the usual three-year time limit for property damage claims (CPLR 214 [4]; see Buran v Coupal, 87 NY2d at 177).
Of critical importance, the initial complaint gave defendant ample notice that she was being sued for damages resulting from the subject auto accident. Notice to defendant within the applicable limitations period is the “linchpin” for applying CPLR 203 (f). (See Buran v Coupal, 87 NY2d at 180.)
Equally important, available damages in such a case typically include not only compensation for “loss of use” (see PJI 2:310), but also for “the reasonable cost of repairs” or for “the reduction in market value” caused by the collision (see PJI 2:311). Although the belated assertion of a claim for such additional dam *795 ages exposed defendant to greater potential liability, such potential liability presents no surprise in an auto collision case. Moreover, in plaintiffs timely response to defendant’s demand for a bill of particulars and combined discovery demands, it annexed a repair estimate and other supporting details respecting the additional damage claims. Although plaintiffs vehicle was allegedly “totaled in the accident,” defendant’s counsel does not contest plaintiffs allegation that no part of its claims had been paid. Defendant still has ample opportunity, at this stage of the proceedings, to conduct appropriate discovery respecting all claims. No other apparent prejudice will result from the amendment.
In these circumstances, plaintiff has established good grounds for its cross motion. Since the defendant was given notice of the subject occurrence from the outset, the defendant’s potential exposure to increased liability, by itself, provides no basis for denying the cross motion for leave to amend. (See e.g. Secare v Allen, 27 AD3d 825, 829 [3d Dept 2006] [granting plaintiff leave to assert claim under No-Fault Law for economic loss in excess of basic loss, even though amendment increased defendant’s potential liability, where plaintiffs original pleading and ensuing disclosure gave defendant “ample notice” of the occurrences and plaintiffs claimed losses].) Accordingly, plaintiffs cross motion for leave to amend is granted.
In summary, for the foregoing reasons, the instant case may properly proceed, in the court’s regular civil part, upon plaintiffs formal new complaint, asserting increased damages of up to $10,000. While the assertion of such increased damages and additional claims requires leave of the court (CPLR 3025 [b]), leave may not be denied simply because the case was begun in a small claims part. Once transferred to a regular civil part, the case became subject to the court’s higher jurisdictional limits, and upon application to amend the complaint and to increase the ad damnum, and in the absence of prejudice to defendant, the court denies defendant’s motion to dismiss, and grants plaintiffs cross motion for leave to amend. Plaintiff’s new formal complaint, dated June 25, 2012, is deemed its amended complaint. Defendant’s time to answer the amended complaint is extended until 10 days after service of a copy of this order with notice of entry (CPLR 3211 [f]), or until such later date as mutually agreed by counsel.