Pergament v Government Employees Ins. Co. ("GEICO") (2026 NY Slip Op 00267)

Pergament v Government Employees Ins. Co. ("GEICO")

2026 NY Slip Op 00267

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-11774
 (Index No. 609083/18)

[*1]Marc A. Pergament, etc., respondent-appellant,
vGovernment Employees Insurance Company ("GEICO"), respondent, Picciano & Scahill, LLP, et al., appellants-respondents.

Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Gregory R. Bennett and Lisa L. Shrewsberry of counsel), for appellants-respondents Picciano & Scahill, LLP, and Gilbert J. Hardy.
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Tarrytown, NY (Laurie A. DiPreta and Lorraine Ricco of counsel), for appellants-respondents Neil H. Greenberg & Associates, P.C., and Neil H. Greenberg.
Wade T. Morris, Brooklyn, NY, for respondent-appellant.
Rivkin Radler, Uniondale, NY (Cheryl F. Korman, Michael P. Versichelli, and Henry Mascia of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for bad faith refusal to settle a personal injury action and legal malpractice, the defendants Picciano & Scahill, LLP, and Gilbert J. Hardy appeal, the defendants Neil H. Greenberg & Associates, P.C., and Neil H. Greenberg separately appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Nassau County (Dawn Jimenez, J.), entered November 21, 2023. The order, insofar as appealed from by the defendants Picciano & Scahill, LLP, and Gilbert J. Hardy, granted that branch of the plaintiff's motion which was for leave to amend the complaint to add a cause of action alleging a violation of Judiciary Law § 487(1) against those defendants. The order, insofar as appealed from by the defendants Neil H. Greenberg & Associates, P.C., and Neil H. Greenberg, granted that branch of the plaintiff's motion which was for leave to amend the complaint to add a cause of action alleging a violation of Judiciary Law § 487(1) against those defendants. The order, insofar as cross-appealed from, denied that branch of the plaintiff's motion which was for leave to amend the complaint to add a cause of action alleging a violation of Judiciary Law § 487(1) against the defendant Government Employees Insurance Company ("GEICO").
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendant Government Employees Insurance Company ("GEICO") payable by the plaintiff, and one bill of costs to the plaintiff payable by the defendants Picciano & Scahill, LLP, Gilbert J. Hardy, Neil H. Greenberg & Associates, P.C., and Neil H. Greenberg.
The underlying facts giving rise to this action are summarized in our decision and [*2]order on a prior appeal (see Pergament v Government Empls. Ins. Co. ["GEICO"], 225 AD3d 799).
In May 2023, the plaintiff, as Chapter 7 Trustee of the estate of Melissa Gace Bryant, moved for leave to amend the complaint to add a new cause of action, alleging that the defendants violated Judiciary Law § 487(1), inter alia, by engaging in deceit and collusion to intentionally mislead Bryant by convincing her to file for bankruptcy in an effort to "wipe out" a judgment in an underlying personal injury action against her to the extent that the amount of the judgment exceeded her available insurance coverage. Additionally, the proposed amendment alleged that this was part of a scheme to avoid any causes of action alleging bad faith and legal malpractice against the defendants and to protect their own interests to the detriment of Bryant. The proposed amendment further alleged that the defendants misled Bryant into rejecting a settlement offer after entry of the underlying judgment that included Bryant assigning over to the injured plaintiff in the underlying action her rights to bring this action against the defendants in exchange for a forbearance of the excess. The defendants opposed the motion. In an order entered November 21, 2023, the Supreme Court granted that branch of the plaintiff's motion which was for leave to amend the complaint to add a cause of action alleging a violation of Judiciary Law § 487(1) against the defendants Picciano & Scahill, LLP, and Gilbert J. Hardy (hereinafter together the P & S defendants) and the defendants Neil H. Greenberg & Associates, P.C., and Neil H. Greenberg (hereinafter together the Greenberg defendants), and denied that branch of the motion which was for leave to amend the complaint to add a cause of action alleging a violation of Judiciary Law § 487(1) against the defendant Government Employees Insurance Company ("GEICO") (hereinafter Geico). The P & S defendants and the Greenberg defendants separately appeal, and the plaintiff cross-appeals. We affirm.
"A motion for leave to amend a pleading may be made at any time and leave shall be freely given absent prejudice or surprise to the opposing party, unless the proposed amendment is palpably insufficient or patently devoid of merit" (Burger v Village of Sloatsburg, 216 AD3d 730, 731 [internal quotation marks omitted]; see CPLR 3025[b]; Lsirowkop, LLC v Behr, 234 AD3d 951, 952). The determination to permit or deny an amendment is within the sound discretion of the trial court (see Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959; Benjamin v 270 Malcolm X Dev., Inc., 214 AD3d 762, 764). "While no evidentiary showing of merit is required under CPLR 3025(b), the court must still determine whether the proposed amendment is palpably insufficient to state a cause of action or defense, or is patently devoid of merit" (Precious Care Mgt., LLC v Monsey Care, LLC, 221 AD3d 922, 924 [alteration and internal quotation marks omitted]; see Lsirowkop, LLC v Behr, 234 AD3d at 952; Lucido v Mancuso, 49 AD3d 220, 229). "'The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion'" (First Natl. Bank of Long Is. v Four Keys Realty, LLC, 213 AD3d 639, 641, quoting Shields v Darpoh, 207 AD3d 586, 587; see Burger v Village of Sloatsburg, 216 AD3d at 732). "An amendment that seeks to add a cause of action which is time-barred by the applicable statute of limitations is patently devoid of merit" (Roco G.C. Corp. v Bridge View Tower, LLC, 166 AD3d 1031, 1033).
"Under Judiciary Law § 487(1), an attorney who '[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party' is liable to the injured party for treble damages" (Altman v DiPreta, 204 AD3d 965, 968). "Relief pursuant to Judiciary Law § 487 is not lightly given, and requires a showing of egregious conduct or a chronic and extreme pattern of behavior on the part of the defendant attorneys" (Kaufman v Moritt Hock & Hamroff, LLP, 192 AD3d 1092, 1092 [citation and internal quotation marks omitted]). "Since Judiciary Law § 487 authorizes an award of damages only to 'the party injured,' an injury to the plaintiff resulting from the alleged deceitful conduct of the defendant attorney is an essential element of a cause of action based on a violation of that statute" (Gumarova v Law Offs. of Paul A. Boronow, P.C., 129 AD3d 911, 911 [internal quotation marks omitted]). "Allegations regarding an act of deceit or intent to deceive must be stated with particularity" (Bill Birds, Inc. v Stein Law Firm, P.C., 164 AD3d 635, 637, affd 35 NY3d 173; see Joseph v Fensterman, 204 AD3d 766, 767). "The statute of limitations for a cause of action alleging legal malpractice, and a cause of action alleging a violation of Judiciary Law § 487 arising out of the same transactions as the legal malpractice cause of action, is three years" (Fraumeni v Law Firm of Jonathan D'Agostino, P.C., 215 AD3d 803, 804; see CPLR 214[6]; Farage v Ehrenberg, 124 AD3d 159).
The Greenberg defendants' contention that the proposed amendment insofar as asserted against them was patently devoid of merit because it was time-barred by the applicable statute of limitations is improperly raised for the first time on appeal (see Chao v Westchester Med. Ctr. Advanced Physicians Servs., P.C., 131 AD3d 1130; Melendez v City of New York, 271 AD2d 416).
The P & S defendants' contention that the proposed amendment insofar as asserted against them was patently devoid of merit because it was time-barred by the applicable statute of limitations is without merit. The proposed new cause of action alleging a violation of Judiciary Law § 487(1), which was premised upon the same facts, transactions, or occurrences alleged in the original complaint seeking damages for legal malpractice against the P & S defendants, related back to the date of the original timely complaint (see CPLR 203[f]; see O'Keefe v Barra, 215 AD3d 1039; MBIA Ins. Corp. v J.P. Morgan Sec., LLC, 144 AD3d 635; Cinao v Reers, 27 Misc 3d 195 [Sup Ct, Kings County]).
Contrary to the contentions of the P & S defendants and the Greenberg defendants, "the [proposed] cause of action alleging violation of Judiciary Law § 487 is not duplicative of the cause of action alleging legal malpractice. 'A violation of Judiciary Law § 487 requires an intent to deceive (see Judiciary Law § 487), whereas a legal malpractice claim is based on negligent conduct'" (Bianco v Law Offs. of Yuri Prakhin, 189 AD3d 1326, 1329, quoting Moormann v Perini & Hoerger, 65 AD3d 1106, 1108; see Bill Birds, Inc. v Stein Law Firm, P.C., 164 AD3d at 637).
Further, under the circumstances presented here, the P & S defendants and the Greenberg defendants failed to demonstrate that they would be surprised or prejudiced by the proposed amendment to the complaint or that the proposed amendment was palpably insufficient or patently devoid of merit (see Flowers v Mombrun, 212 AD3d 713, 714-715; Lauder v Goldhamer, 122 AD3d 908).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for leave to amend the complaint to add a cause of action alleging a violation of Judiciary Law § 487(1) against the P & S defendants and the Greenberg defendants.
Contrary to the plaintiff's contention, that branch of his motion which was for leave to amend the complaint to add a cause of action alleging a violation of Judiciary Law § 487(1) against Geico was properly denied as patently devoid of merit (see McCluskey v Gabor & Gabor, 61 AD3d 646, 648), because, among other things, the plaintiff did not allege that Geico acted as counsel of record in any legal proceeding to which Bryant was a party (see Bill Birds, Inc. v Stein Law Firm, P.C., 35 NY3d at 177; Pinkesz Mut. Holdings, LLC v Pinkesz, 198 AD3d 693, 697-698; Mazzocchi v Gilbert, 185 AD3d 438).
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court